AO 91 (Rev. 11/11) Criminal Complaint AUSA Lafferty

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Luis CABRALES-GUERRA aka Gustavo SANCHEZ-GUERRA | ) ) ) ) ) | Case No. 2:25-mj-559 |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 30, 2025** in the county of **Franklin** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) & (b)(2) | Illegal Reentry of Removed Alien |

This criminal complaint is based on these facts:
See attached affidavit in support of criminal complaint.

☑ Continued on the attached sheet.

 **DAVID M KRAUSS**
 *Digitally signed by DAVID M KRAUSS*
 *Date: 2025.10.05 22:28:55 -04'00'*
 *Complainant's signature*

 David Krauss, HSI Special Agent
 *Printed name and title*

Sworn to before me and signed in my presence.
Via FaceTime

Date: October 6, 2025

 *Elizabeth A. Preston Deavers*
 United States Magistrate Judge

City and state: Newark, Ohio

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Krauss, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit to show that probable cause exists to believe that on an exact date unknown, but at least up to and including September 30, 2025, in the Southern District of Ohio, Luis CABRALES-GUERRA (aka Gustavo SANCHEZ-GUERRA) violated 8 U.S.C. §§ 1326(a) & (b)(2) – Illegal Reentry of Removed Alien whose removal was subsequent to a conviction for the commission of an aggravated felony, and Lucas GONZALEZ-BERMUDEZ (aka Alejandro RODRIGUEZ MARTINEZ and Alejandro RAMIREZ-JIMENEZ) violated 8 U.S.C. § 1326(a) – Illegal Reentry of Removed Alien.

2. I am a Special Agent with Homeland Security Investigations (HSI), and I have been employed with HSI since January 3, 2023. I am assigned to the Homeland Security Task Force at the HSI Columbus, Ohio Office of the Assistant Special Agent in Charge. I am an "immigration officer" as defined in 8 U.S.C. § 1101(a)(18) and am authorized to investigate and make arrests for violations of the Immigration and Nationality Act (INA). *See* 8 U.S.C. § 1357.

3. I am a graduate of the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training program. Prior to my role as a Special Agent and beginning August 3, 2018, I was employed as a police officer with the City of Springfield, Ohio Division of Police. On December 20, 2021, I was promoted to the rank of police sergeant.

4. I have had formal, on-the-job training, and experience regarding investigating violations and enforcing provisions of the INA. The information set forth in this affidavit is based upon my knowledge, training, experience, and participation in investigations involving violations of the INA. This information is also based on the knowledge, training, experience, and investigations conducted by fellow law enforcement officers, which have been reported to me

either directly or indirectly. Additionally, this information is based on the review of U.S. Department of Homeland Security (DHS) records and Alien Files, or "A-Files", which are official government records maintained on every immigrant and some nonimmigrants. All aliens with Alien Files are assigned "A-Numbers", which are numbers used by the government to identify an alien, similar to how United States citizens are assigned social security numbers. I know it is a common tactic for illegal aliens to present themselves with false names to inhibit law enforcement's detection of their previous criminal or immigration history and to avoid accountability. However, DHS fingerprint records allow immigration officers to log arrests for the same individual with the same A-Number and A-File, even if the individual presents themselves as having a different name during an arrest.

5. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. I believe this information to be true and reliable. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and arrest warrant and does not set forth all my knowledge about this matter. I did not withhold any information or evidence that would negate probable cause.

**PROBABLE CAUSE**

6. On September 30, 2025, a Columbus Division of Police tactical unit executed residential state search warrants at 5401 Plumway Court, Columbus Ohio, 43228 and 4996 Chatterton Road, Door #6, Columbus, Ohio 43232 in furtherance of a drug trafficking investigation by HSI Columbus and the Central Ohio High Intensity Drug Trafficking Area (HIDTA) Task Force. The search warrants were authorized by Franklin County Municipal Court Judge Mike McAllister.

7. When officers executed the search warrant at 5401 Plumway Court, Columbus Ohio, 43228, they found and detained a male, later identified as GONZALEZ-BERMUDEZ. Officers transported GONZALEZ-BERMUDEZ to Columbus Police Headquarters to be interviewed, and I later transported him to the HSI Columbus office to be fingerprinted.

8. When officers executed the search warrant at 4996 Chatterton Road, Door #6, Columbus, Ohio 43232, they found and detained a male, later identified as CABRALES-GUERRA. During a search of CABRALES-GUERRA's apartment, detectives found approximately 1.02 kilograms, including packaging materials, of a white powdery substance. Detective Nicholas Mason used an MX908 device[1] to test a sample of the white powdery substance, and the sample of the substance tested positive for the presence of fentanyl. Law enforcement transported CABRALES-GUERRA to Columbus Police Headquarters to be interviewed, and I later transported him to the HSI Columbus office to be fingerprinted.

9. After fingerprinting GONZALEZ-BERMUDEZ, I identified him as the individual assigned A#221208100. I reviewed DHS records and a portion of GONZALEZ-BERMUDEZ's A-File and was unable to locate any lawful entries for GONZALEZ-BERMUDEZ. According to GONZALEZ-BERMUDEZ's A-File and DHS databases, GONZALEZ-BERMUDEZ is a citizen of Mexico and is present in the United States without any lawful status.

10. The U.S. Border Patrol arrested GONZALEZ-BERMUDEZ on October 12, 2011, near Nogales, Arizona for entering the United States without inspection by an immigration officer, in violation of INA § 212(a)(6)(A)(i). The agents processed GONZALEZ-BERMUDEZ for voluntary return, and he was returned to Mexico via the Nogales Port of Entry.

---

[1] According to the manufacturer's website, https://908devices.com/products/mx908/, the MX908 is a portable handheld mass spectrometer that detects and identifies a variety of chemicals, including illegal drugs.

11. The Border Patrol arrested GONZALEZ-BERMUDEZ on October 6, 2024, near Santa Teresa, New Mexico for entering the United States without inspection by an immigration officer and for being an immigrant without a valid entry document as required by the INA, in violation of INA § 212(a)(7)(A)(i)(I). The agents processed GONZALEZ-BERMUDEZ for expedited removal. Acting Border Patrol Agent in Charge Craig Larson ordered GONZALEZ-BERMUDEZ to be removed. *See* 8 U.S.C § 1225(b). That same day, agents removed GONZALEZ-BERMUDEZ to Mexico via the Paso del Norte Port of Entry.

12. On October 11, 2024, Border Patrol agents in the El Paso, Texas Sector encountered GONZALEZ-BERMUDEZ again for entering the U.S. without inspection by an immigration officer. The agents processed GONZALEZ-BERMUDEZ to reinstate his previous removal order and removed him to Mexico via the Paso del Norte Port of Entry.

13. Although GONZALEZ-BERMUDEZ's A-File may refer to him as different names, I know that his encounters with immigration officials can be attributed to the same person based on DHS fingerprint records.

14. After fingerprinting CABRALES-GUERRA, I identified him as the individual assigned A#089711437. I reviewed DHS records and a portion of CABRALES-GUERRA's A-File and was unable to locate any lawful entries for CABRALES-GUERRA. According to CABRALES-GUERRA's A-File and DHS databases, CABRALES-GUERRA is a citizen of Mexico and is present in the United States without any lawful status.

15. On June 3, 2010, Border Patrol agents encountered CABRALES-GUERRA near San Miguel, Arizona for unlawfully entering the United States without inspection by an immigration officer. Due to being an unaccompanied minor at the time of the encounter, the agents allowed CABRALES-GUERRA a voluntary return to Mexico.

16. On June 6, 2010, Border Patrol agents arrested CABRALES-GUERRA near Sasabe, Arizona for entering the United States without inspection by an immigration officer. Agents allowed CABRALES-GUERRA to voluntarily return to Mexico via the Nogales, Arizona Port of Entry.

17. On or about August 10, 2010, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) officers encountered CABRALES-GUERRA while he was incarcerated at the Hennepin County, Minnesota Jail for fleeing law enforcement. Those criminal charges were later dismissed. On or about August 12, 2012, ICE ERO took custody of CABRALES-GUERRA and processed him with a notice to appear before an immigration judge for entering the United States without inspection by an immigration officer, in violation of INA § 212(a)(6)(A)(i).

18. On August 23, 2010, United States Immigration Judge William J. Nickerson, Jr. ordered CABRALES-GUERRA to be removed from the United States to Mexico. On August 25, 2010, agents removed CABRALES-GUERRA to Mexico via the Brownsville, Texas Port of Entry.

19. On December 1, 2010, Border Patrol agents encountered CABRALES-GUERRA at a Border Patrol checkpoint south of Falfurrias, Texas. CABRALES-GUERRA admitted to being illegally present in the United States. The agents subsequently arrested him and reinstated his previous removal order. On December 2, 2010, agents removed CABRALES-GUERRA to Mexico via the Hidalgo, Texas Port of Entry.

20. On December 4, 2010, Border Patrol agents arrested CABRALES-GUERRA near Hidalgo, Texas for entering the United States without inspection by an immigration officer. The agents charged CABRALES-GUERRA in the United States District Court for the Southern District of Texas for violating 8 U.S.C. § 1325(a)(1) – Improper Entry by Alien. CABRALES-

GUERRA was later sentenced to time served and his removal order was reinstated. On December 6, 2010, agents removed CABRALES-GUERRA to Mexico via the Hidalgo, Texas Port of Entry.

21. On January 12, 2011, CABRALES-GUERRA applied for admission with Customs and Border Protection (CBP) officers at the Calexico, California West Port of Entry while posing as another individual and using their identification documents. CABRALES-GUERRA was detected as being an imposter and arrested in secondary inspection for Fraud or Willful Misrepresentation, in violation of INA § 212(a)(6)(C)(i), and being an immigrant without a valid entry document as required by the INA, in violation of INA § 212(a)(7)(A)(i)(I). Officers processed CABRALES-GUERRA for expedited removal and removed him to Mexico on January 14, 2011, via the Calexico, California West Port of Entry.

22. On or about January 14, 2011, and on or about January 25, 2011, El Centro, California Border Patrol Station agents encountered CABRALES-GUERRA in the United States without being inspected by an immigration officer. Both of those times, agents allowed CABRALES-GUERRA a voluntary return to Mexico.

23. On July 10, 2015, CABRALES-GUERRA pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 846 – Conspiracy to Distribute Heroin in the District Court for the District of Minnesota (case number 15 CR 00084). On February 11, 2016, CABRALES-GUERRA was sentenced to 60 months in prison and 48 months of supervised release for the same case. The judgement of the district court was later affirmed by the United States Court of Appeals for the Eighth Circuit.

24. On March 7, 2019, ICE ERO became aware of CABRALES-GUERRA being incarcerated in Taft Correctional Institution in Taft, California and processed him for reinstatement of his previous removal order. On July 6, 2019, ICE ERO officers removed CABRALES-

GUERRA to Mexico via the San Ysidro, California Port of Entry.

25. Conspiracy to Distribute Heroin constitutes an "aggravated felony" within the definition of 8 U.S.C. § 1101(a)(43)(B).

26. Although CABRALES-GUERRA's A-File or criminal history may refer to him as different names, I know that his encounters with immigration officials can be attributed to the same person based on DHS fingerprint records.

27. According to GONZALEZ-BERMUDEZ and CABRALES-GUERRA's A-Files, neither received permission from the United States Attorney General or the United States Department of Homeland Security Secretary for reentry into the United States.

28. GONZALEZ-BERMUDEZ and CABRALES-GUERRA are currently in ICE custody in the Seneca County, Ohio Jail.

## CONCLUSION

Based on the facts set forth in this affidavit, there is probable cause to believe that on an exact date unknown, but at least up to and including September 30, 2025, in the Southern District of Ohio:

  a. Luis CABRALES-GUERRA, an alien who had been removed from the United States on or about July 6, 2019, which removal was subsequent to a conviction for an aggravated felony offense, that is, on or about July 10, 2015, in the District of Minnesota, Case No. 15 CR 00084 Conspiracy to Distribute Heroin, in violation of Title 21, United States Code, Section 846, did knowingly and unlawfully enter and was found in the United States, having not obtained the consent of the Attorney General of the United States, or their successor, the Secretary of the Department of Homeland Security, for re-admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(2);

and

b. Lucas GONZALEZ-BERMUDEZ. an alien who had been removed from the United States on or about October 6, 2024, and October 11, 2024, did knowingly and unlawfully enter and was found in the United States, having not obtained the consent of the Attorney General of the United States, or their successor, the Secretary of the Department of Homeland Security, for re-admission, in violation of 8 U.S.C. § 1326(a).

DAVID M KRAUSS
Digitally signed by DAVID M KRAUSS
Date: 2025.10.05 22:31:14 -04'00'

David Krauss
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone on this  6th   day of  Oct., 2025  ,



Elizabeth A. Preston Deavers
United States Magistrate Judge

8